UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER |
| | : | NO. 3:02CV2317(JCH) |
| VS. | : | |
| | : | |
| THOMAS HUNT, ET AL. | : | OCTOBER 27, 2003 |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY AND INSPECTION DATED SEPTEMBER 12, 2003**

This case is a civil rights action by James McKinnon, an inmate of the Connecticut Department of Correction complaining that following his release from segregation after winning dismissal on a sexual misconduct charge, he was not allowed to return to the same unit from which he was previously housed.

In a motion titled "Motion for Discovery and Inspection" plaintiff seeks an order from the Court forcing the State to deliver to him a copy of the statement which his accuser, a fellow inmate, had given to State Police concerning the events. He also seeks an order for "records and reports of all physical and mental examinations of the defendants which are within the possession, custody or control of any State agency." Plaintiff's Motion, p.2. The defendants object to disclosure of the information requested.

With respect to the State Police statement, the request is immaterial to the issues in the case. It is therefore overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Moreover, the disclosure of one inmate's

statements concerning another inmate, especially on accusatory topics raises serious concerns which jeopardize security in the prison setting.

It is well settled that security and personal safety is the most central of all correctional goals. See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure. See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal."). To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenz, 789 F.2d 167, 170 (2d Cir. 1986). "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added). Cullen v. Magiotta, supra at 716; United States v. Russotti, 746 F. 2d 945, 949-950 (2d Cir. 1984). Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy. United States v. Lilla, 699 F.2d 99, 105 (2d Cir. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Under the circumstances, this threat to security should not be risked.

As for the plaintiff's request for the medical and mental health records of the defendant, this request clearly invades the security and privacy of the defendants. In deciding

issues concerning the disclosure of medical records, the District Court looks to State law. Felber v. Foote, 321 F.Supp. 85, 88 (D.Conn. 1970). In Connecticut, medical records are privileged. Conn. Gen. Stat. § 52-146o. Mental health records are also privileged. Conn. Gen. Stat. § 52-146d. There are no issues in the instant case where this information could possible be material. Accordingly, the request is overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Accordingly, it should be denied.

Moreover, this motion constitutes another attempt by plaintiff to obtain discovery by resorting first to the Court for an order. Plaintiff may seek Court involvement only after he has complied with the Court rules regarding discovery. Rule 37(a) Local Rules of the United States District Court, District of Connecticut. He has not done that here.

For all of the foregoing reasons, we urge the Court to deny plaintiff's Motion.

DEFENDANTS,
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT 06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of October, 2003:

James McKinnon, Inmate No. 100770
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
Robert F. Vacchelli
Assistant Attorney General

4