United State District Court

District of Connecticut

FILED
2003 NOV 12 P 5:10
US DISTRICT COURT
BRIDGEPORT CT

James McKinnon      case, 3:02CV2317(JCH)(HBF)
100770
Plaintiff

October 31, 2003

V.

Thomas Hunt, ETal
John LaHDa

Defendants' Individual Capacity


Plaintiff's Opposed To Defendants'
Memorandum Response Dated
October 27, 2003 for Discovery and
Inspection of Documents


1. Plaintiff James McKinnon pro,se Respectfully moves the court to information that pursuant to Rule 37.2(a). Rule 26(a) also in response to a request for inspection submitted under Rule 34, Defendants fail to respond the inspection Dated August 14, 2003 The motion was include with certification that-

By× James McKinnon
James McKinnon
900 Highland Avenue
Cheshire CT 06410

①

- iT was in good faiTh aTTempTed, wiTh ouT courT acTion befor opplying for an order;

The inspecTion DaTeD AugusT 14, 2003 wiTh a moTion including cerTificaTion ThaT was in good faiTh, wiTh ouT courT acTion befor opplying for order; also aT The Time plainTiff was requesTing STaTe police sTaTemenT from 11-4-2002 ThaT's plainTiff ouTomaTically housing in Seg-regaTion MaTTer of The alleged Sexual AssaulT ThaT was invesTigaTed and Then was provn To be unsubsTanTiaTed, Then defendanT's came wiTh a Sexual MisconducT Disciplinary ReporT ThaT was a Dismissal; Also plainTiff has enough evidence from The deparTmenT of public Saf-eTy ThaT Said plainTiff has To go under The Freedom of informaTion AcT for The requesT copy of STaTemenT; Then iT came back Said iT cannoT be released.

2. plainTiff ask for release of menTal HealTh records and examinaTions of InmaTe had given STaTe police sTaTemenT, reasonably plainTiff requesT This because from 10/29/02 To 11/4/02 This InmaTe was ask Day To Day by medical and CorrecTion sTaff was he wiTh plainTiff in cell and he said no To you also individuals one was The defendanTs uniT C-T-O miss, Rocco and clearly This officer Said To plainTiff The InmaTe said he was noT clearly violaTed –

By x James McKinnon
James McKinnon
900 Highland Avenue
Cheshire CT 06410

(2)

— by the plaintiff and that he had no contact with me sexual; Then on 11-4-02 plaintiff was in the library and two officer's came and plaintiff was move to segregation.

3. Plaintiff has dismiss release of the mental Health questions that Inmate was subject to; with support of privacy invasion.

4. Defendants are mental health staff garner CO's Correction has mental Health units' Foxtrot unit house inmates who are the least functional on medication and they have the leatt amount of privileges of the three, H-unit house the next level of mental health status and it's inmates have to some extent more privileges and Inmates have to be with a staff escort when they leave the unit, and "G" unit plaintiff was in is a Transitional unit and is one step from general population and it's inmate's do not require staff escorts when they leave the unit.

5. Garner's procedures call for Inmates who are Suicidal to be placed as a level 5# mental Health to go in inpation ① medical then back to Hotel that's H unit for 90, day's a evaluation on a Scale from (1) to (5) in H-unit.

By: *James Lee McKinnon*
James Lee McKinnon prose
906 Highland Avenue
Cheshire CT 06410

③

6. Garner's procedures call for segregation mental health inmates to go in the inpatient segregation name I-p-m (2) plaintiff was housed on 11-4-02 for sexual assault the day defendants call the state police on plaintiff; not a charge of sexual misconduct like defendants has on his memorandum dated October 27, 2003.

7. Also the failure of to train correctional staff to deal with mentally ill prisoners can also constitute deliberate indifference; See Sharpe v. City of Lewisburg, Tenn, 677 F. Supp. 1362, 1367.68 (M.D. Tenn. 1988) failure to train police to deal with mentally disturbed individual supported damage award).

8. Plaintiff under Rule 36(b) Fed. R. Civ. P request from defendnt's for Admission which to ask defendants to admit or deny the truth of particular facts that are among most useful of this discovery.

By x James Lee McKinnon
James Lee McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

(4)

9. Plaintiff James McKinnon is a citizen of United States who presently resides at Cheshire Correctional 900 Highland Avenue Cheshire Connecticut, 06410

Inmate number 100 770

10. Defendant Thomas Hunt is a citizen of United States whose address is Garner Correctional Institution 50 Nunnawauk Road Newtown Connecticut, 06470

11. Defendant John Lahda is a citizen of United States whose address is Garner Correctional Institution 50 Nunnawauk Road Newtown Connecticut, 06470

By x /s/ James Lee McKinnon
James Lee McKinnon pro se
900. Highland Avenue
Cheshire CT 06410

(5)

## Certification

I hereby certify that the foregoing was mailed to the defendands attorney of record this <u>31</u> Day of October, 2003

"Individual Capacity"

Defendand's
Thomas Hunt, Etal
John Lahda

Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
Federal Bar No. CT 05222
110, Sherman Street
Hartford CT 06105

By x /s/ James Lee McKinnon
James Lee McKinnon pro,se
900 Highland Avenue
Cheshire CT 06410

⑥