FILED

2004 JAN 12 P 4: 15

UNITED STATES DISTRICT COURT 
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER |
| | : | NO. 3:02CV2317(JCH) |
| VS. | : | |
| | : | |
| THOMAS HUNT, ET AL. | : | JANUARY 9, 2004 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD EXHIBITS FOR ADA CLAIM ALSO TO AMENDMENT THE SHORT CONCISE STATEMENT OF MATERIAL FACTS FEDERAL RULE 28 C.F.R. SEC. 35.190, ALSO FEDERAL RULE 15(a)(b)**

By pleading dated December 23, 2003 titled "Plaintiff Motion to amend Complaint To add Exhibit's for ADA Claim also to Amendment the Short Concise Statement of Material Facts federal Rule 28 C.F.R. Sec. 35.190 also federal Rujle 15 (a)(b)" plaintiff files a duplicate or amended effort to amend his complaint in the above case to allege that he is a disable prisoner and has rights under the Americans With Disabilities Act. See pleading, p. 8. We urge the Court to deny the request for the same reason as advance in our Memorandum in Opposition dated December 1, 2003.

The liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires. Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178, 182 (1962). However, the court has discretion in deciding whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.ed 15, 19 (2nd Cir. 1995). Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated. Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991).

(per curiam).  It need not be granted if it would be futile.  Pargburn v. Culbertson, 200 F.3d 65,

70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991);

Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. v.

Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).

To the extent that the plaintiff seeks to amend his complaint to seek money damages

under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131, et seq., the

Eleventh Amendment stands as a bar.  Under the Eleventh Amendment, a state is not subject to

suit by its own citizens in federal court.  U.S. Const. Amend. XI; Edelman v. Jordan, 415 U.S.

651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Congress can, however, abrogate a state's

immunity to suit, or the state can waive it.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234,

240-41, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

The test for whether Congress properly abrogated the immunity of the state from suit is

set forth in Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

The Seminole Tribe test contains two parts:  "first, whether Congress has unequivocally

expressed its intent to abrogate the immunity; and, second, whether Congress acted pursuant to a

valid exercise of power in abrogating the immunity."  517 U.S. at 55, quoting, Green v.

Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).  In this context, the authority

available is §5 of the Fourteenth Amendment to the United States Constitution.  Fitzpatrick v.

Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

Here, Congress has unequivocally expressed abrogation. See, 42 U.S.C. § 12202. Whether it was validly exercised is a point which has not been finally settled, although a Connecticut District Judge, ruling before recent, important U.S. Supreme Court decisions on the topic, upheld the exercise of power. See, Hicks v. Armstrong, 116 F.Supp.2d 287 (D.Conn. 1999). More recent decisions of the U.S. Supreme Court suggest that Congress overstepped its bounds in these enactments, and, in a later case, another Connecticut District Judge agreed and so ruled. See, Mincewicz v. Parker, 2001 U.S. Dist. LEXIS 3373 (Feb. 26, 2001); but see, Garcia v. S.U.N.Y., 280 F.3d 98 (2nd Cir. 2001) (Immunity abrogated in some circumstances) discussed infra. This term, the U.S. Supreme Court will decide whether state governments can be sued for violating Title II of the ADA in Tennessee v. Lane, 315 F.3d 680 (6th Cir. 2003) cert. granted 123 S.Ct. 2622) (No. 02-1667). In the interim, we urge this Court to rule as in the Mincewicz case.

In enacting the ADA, Congress acted pursuant to §5 of the Fourteenth Amendment to the United States Constitution. 42 U.S.C. §12101(b)(4); Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 364, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). A valid exercise of power requires a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end. Garrett, supra, citing, City of Boerne v. Flores, 521 U.S. 507, 520, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Section 5 legislation must be based on a pattern of irrational discrimination practiced by the State to be valid. Garrett at 880. In Garrett, the court found no proof of a pattern of irrational discrimination in state employment, protected

3

under Title I of the ADA, and therefore invalidated ADA abrogation of Eleventh Amendment immunity with respect to states. Although the court expressly declined to rule on whether there was a basis for concluding a pattern of irrational discrimination in state operated public accommodations, protected under Title II of the ADA (in issue in this case) the same record shows there is none, at least with respect the complaint in the instant case concerning cell change following release from administrative detention. Of the list of hundreds of examples of discriminatory conditions chronicled in the record in Garrett, none can be found similar to the topic in the instant case. Accordingly, just as there was no basis for waiving the state's Eleventh Amendment Immunity in the context of state employment, there is no basis for waiving the immunity with regard to the instant case. This is because there is no basis for concluding that the ADA embodies a valid exercise of Congressional power to eliminate Eleventh Amendment Immunity in this instance. To the extent that plaintiff claims the ADA waived immunity, the ADA is "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 82, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), citing, City of Boerne v. Flores, 521 U.S. 507, 532, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).

To waive immunity, the ADA, in the context of the allegations in this case, must be deemed to create a statutory presumption that a cell change after administrative detention, is prima facie illegal under the Fourteenth Amendment. Such a presumption precludes the State from assigning inmates to cells where available or consistent with the security needs of the

facility, a rational decision making exercise which takes place daily in prisons.  It was exactly

this failure to accommodate rational decision making that caused the U.S. Supreme Court to

invalidate the abrogation of Eleventh Amendment immunity in ADA state employment

discrimination claims.  See, Board of Trustees of the University of Alabama v. Garrett, supra.

States are not required by the Fourteenth Amendment to make special accommodations for the

disabled, so long as their actions toward such individuals are rational.  Garrett, supra., citing,

Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 105 L.Ed.2d 313, 105 S.Ct. 3249

(1985).  A State decision may be hard-headed, even hard-hearted, but so long as a reasonably

conceivable state of facts can be conceived to provide a rational basis for the decision, it is not

unconstitutional.  Garrett, supra. at 880; see also, Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct.

2637, 125 L.Ed. 257 (1993).  It is rational for a state to make decisions concerning cell

assignments following release from administrative segregation based on availability and security

concerns.  To the extent that plaintiff's claim is dependent on the ADA outlawing this rational

behavior, such legislation must be deemed to have exceeded the authority of Congress, and the

Congressional abrogation of the Eleventh Amendment must fail.  This Court in Mincewicz v.

Parker similarly ruled:

> The defendants in this case are all state employees.  As such, a suit against
> them in their official capacities is a suit against the state.  See Kentucky v.
> Graham, 473 U.S. 159, 165-66, 87 L. Ed. 2d 114, 105 S.Ct. 3099 (1985).
> However, the Supreme Court recently ruled that an individual could not
> sue a state for money damages in federal court under the ADA because
> that statute did not properly abrogate the immunity to which states are
> entitled under the Eleventh Amendment.  See Board of Trustees of Univ.

of Alabama v. Garrett, 121 S.Ct. 955, 148 L. Ed. 2d 866, 2001 U.S.
LEXIS 1700, 2001 WL 173556, No. 99-1240, and n.9 (U.S. Feb. 21,
2001) (reaching this conclusion in the context of a suit by a state
employee). Thus, the defendants named in this suit are immune from the
plaintiff's ADA claim, which seeks money damages. Therefore, the Court
dismisses the plaintiff's ADA claim against the defendants in their official
capacities pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Mincewicz v. Parker, supra.

We urge the Court to rule likewise again in the instant case.

Nor does the plaintiff's effort to amend the complaint spell out an ADA cause of action,

even if the State is not protected by Eleventh Amendment Immunity. First, individuals cannot be

held liable for violations of Title II of the ADA. Corr. v. MTA Long Island Bus, 1999 U.S. App.

LEXIS 25058 (2nd Cir. 1999).

Second, to state a claim under Title II of the ADA, a prisoner must show: "(1) he or she

is a qualified individual with a disability; (2) he or she is being excluded from participation or

being denied benefits of some service, program or activity by reason of his or her disability and

(3) the entity [that] provides the service program or activity is a public entity." Fetto v. Sergi,

181 F.Supp. 53, 75 (D.Conn. 2001), quoting, Messier v. Southbury Training Sch., 1999 W.L.

20910 (D.Conn. 1999) (citation omitted). Claims for money damages under the ADA may be

viable only in cases where the Title II violation was motivated by "discriminatory animus or ill

will based on the plaintiff's disability." Garcia v. S.U.N.Y., 280 F.3d at 111 (2nd Cir. 2001).

Also, only disabilities which "substantially limits one or more ... major life activities" is a

"disability" within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). It must be a disability of

central importance to most people's daily lives.  <u>Toyota Motor Manufacturing v. Williams</u>, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

In the instant effort to amend the Complaint, plaintiff does not explain his alleged condition with sufficient particularity to come within the protections of the ADA.  Also the connection between whatever disability he claims to suffer and the events of this case is inscrutable.

Accordingly, the plaintiff's request to amended his Complaint to allege the ADA should be denied.

DEFENDANTS,
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this $9th$ day

of January, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Robert F. Vacchelli
Assistant Attorney General

8