UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER |
|  | : | NO. 3:02CV2317(JCH) |
| VS. | : | |
|  | : | |
| THOMAS HUNT, ET AL. | : | JANUARY 7 , 2004 |

## REPLY TO PLAINTIFF'S MEMORANDUM DATED DECEMBER 23, 2003 CONCERNING MOTION TO COMPEL

By pleading dated December 23, 2003, plaintiff files a duplicate effort to obtain a court order compelling disclosure of a State Police report which plaintiff alleges was the subject of a discovery request dated August 14, 2003. We again urge the court to deny the request because:

1. The undersigned never received the discovery request dated August 14, 2003 from plaintiff in that time frame. The first time any such discovery request was received was one attached to plaintiff's memorandum of December 23, 2003. Consequently plaintiff cannot compel production of a discovery request not received.

2. To the extent that plaintiff seeks disclosure of a state police report concerning an inmate who complained that plaintiff sexually assaulted him, defendants object to disclosure for the same reasons earlier stated:

With respect to the State Police report, the request is immaterial to the issues in the case. This case concerns plaintiff's cell assignment after he was released from restrictive housing. The police report concerning the complaint which caused him to receive a disciplinary report and sent to restrictive housing therefore overly broad, vague, burdensome and not calculated to lead to the

discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Moreover, the disclosure of one inmate's statements concerning another inmate, and reports thereon, especially on accusatory topics raises serious concerns which jeopardize security in the prison setting.

It is well settled that security and personal safety is the most central of all correctional goals. See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure. See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal."). To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenz, 789 F.2d 167, 170 (2d Cir. 1986). "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added). Cullen v. Magiotta, supra at 716; United States v. Russotti, 746 F. 2d 945, 949-950 (2d Cir. 1984). Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy. United States v. Lilla, 699 F.2d 99, 105 (2d Cir. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Wherefore, we urge the Court to deny the effort to compel disclosure.

DEFENDANTS,
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT 06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of January, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06078

/s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General