United States District Court

District of Connecticut

FILED

2004 JAN 22 P 4: 20

US DISTRICT COURT
BRIDGEPORT CT

James McKinnon
100 770
Plaintiff

3:02CV2317(JCH)(HBP)

v.

December 23, 2003

Thomas Hunt; ETaL
John LaHDa
Defendants' Individual Capacity

Memorandum in support of motion to compel.

Plaintiff, James McKinnon, under F.R.C.P. pursuant to Rule 26,b,J,; 34,b, and 37,a, F.R.C.P, moves this court respectfully for and order compelling defendants to produce for inspection copying the documents requested.

By: *James Lee McKinnon*
James Lee McKinnon pro se
Walker Reception Unit
1153-East-Street-South
Suffield Connecticut
06078

2. On August 14, 2003 plaintiff served on the defendants' counsel a request for documents, which is attached to this memorandum as Exhibit "1".

3. Defendants' did not respond to this request after 30 day's nor did they request an adjournment from the court or seek my agreement to an adjournment.

4. On September 12, 2003 I wrote to defendants counsel; also court with motion for Discovery and inspection; defendants counsel did not respond to my letter; on October 27, 2003 defendants responded to my letter by filing objections, attached Exhibit "2".

5. On October 31, 2003 plaintiff opposed defendants memorandum response dated October, 27, 2003; Also with respect plaintiff dismiss request of Inmate mental Health question's that inmate Scott Hart was subject to for 7 day's, with respect to his privacy invasion; Attached Exhibit "3"

6. Defendants objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

7. The plaintiff requests that the court grant this motion in all respects.

By× *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153 East Street South
Suffield CT 06078

## Certification

I hereby certify that the foregoing was mailed to the defendant's attorney of record this 23 day of December, 2003

"Individual Capacity"

Defendants'
Thomas Hunt; Etal
John Lahda

---

Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
Federal Bar no. CT; 05222
110; Sherman Street
Hartford Connecticut
06105

By: *James Lee McKinnon*
James Lee McKinnon pro se
Walker Reception Unit
1153- East Street- South
Suffield Connecticut
06078

Exhibit (1) James McKinnon

Unite States District
Court
District of Connecticut

James McKinnon            3:02CV2317(JCH)(HBF)
100 770
Plaintiff

                          August 14, 2003
V.

Thomas Hunt; Etal
John LaHDa
Defendant's'   Individual Capacity

Discovery Request

Counsel for plaintiff James McKinnon pro;se filed this request in good fate; also pursunt to Rule;34 of the Federal Rules of Civil Procedure.

Request information was investigated and provn unsubstantiated on 11-4-02 by State police concerning a complaint on plaintiff of sexual assault then the statement chang from Inmat Scott-Hart.

                         James Lee McKinnon
                    By_ James Lee McKinnon
                        James Lee McKinnon prose
                        900-Highland Avenue
                        Cheshire CT 06410

## Certification

I hereby certify that the foregoing was mailed to the defendants attorney of record this 14th Day of August, 2003

"Individual Capacity"
Defendants
Thomas Hunt; Etal
John Lahda

Robert F. Vacchelli
Assistant Attorney general
office of the Attorney general
Federal Bar no. CT0522
110; Sherman Street
Hartford Connecticut
06105

By x /s/ James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153-East Street South
Suffield CT 06078

Exhibit (2) James McKinnon
James McKinnon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER |
| | : | NO. 3:02CV2317(JCH) |
| VS. | : | |
| | : | |
| THOMAS HUNT, ET AL. | : | OCTOBER 27, 2003 |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY AND INSPECTION DATED SEPTEMBER 12, 2003**

This case is a civil rights action by James McKinnon, an inmate of the Connecticut Department of Correction complaining that following his release from segregation after winning dismissal on a sexual misconduct charge, he was not allowed to return to the same unit from which he was previously housed.

In a motion titled "Motion for Discovery and Inspection" plaintiff seeks an order from the Court forcing the State to deliver to him a copy of the statement which his accuser, a fellow inmate, had given to State Police concerning the events. He also seeks an order for "records and reports of all physical and mental examinations of the defendants which are within the possession, custody or control of any State agency." Plaintiff's Motion, p.2. The defendants object to disclosure of the information requested.

With respect to the State Police statement, the request is immaterial to the issues in the case. It is therefore overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Moreover, the disclosure of one inmate's

statements concerning another inmate, especially on accusatory topics raises serious concerns which jeopardize security in the prison setting.

It is well settled that security and personal safety is the most central of all correctional goals. See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure. See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal."). To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenz, 789 F.2d 167, 170 (2d Cir. 1986). "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added). Cullen v. Magiotta, supra at 716; United States v. Russotti, 746 F. 2d 945, 949-950 (2d Cir. 1984). Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy. United States v. Lilla, 699 F.2d 99, 105 (2d Cir. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Under the circumstances, this threat to security should not be risked.

As for the plaintiff's request for the medical and mental health records of the defendant, this request clearly invades the security and privacy of the defendants. In deciding

2

issues concerning the disclosure of medical records, the District Court looks to State law. Felber v. Foote, 321 F.Supp. 85, 88 (D.Conn. 1970). In Connecticut, medical records are privileged. Conn. Gen. Stat. § 52-146o. Mental health records are also privileged. Conn. Gen. Stat. § 52-146d. There are no issues in the instant case where this information could possible be material. Accordingly, the request is overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Accordingly, it should be denied.

Moreover, this motion constitutes another attempt by plaintiff to obtain discovery by resorting first to the Court for an order. Plaintiff may seek Court involvement only after he has complied with the Court rules regarding discovery. Rule 37(a) Local Rules of the United States District Court, District of Connecticut. He has not done that here.

For all of the foregoing reasons, we urge the Court to deny plaintiff's Motion.

                          DEFENDANTS,
                          Thomas Hunt, et al.

                          RICHARD BLUMENTHAL
                          ATTORNEY GENERAL

                          BY:_____
                          Robert F. Vacchelli
                          Assistant Attorney General
                          Federal Bar No. ct05222
                          110 Sherman Street
                          Hartford, CT 06105
                          Telephone No. (860) 808-5450
                          Fax No. (860) 808-5591
                          E-Mail: robert.vacchelli@po.state.ct.us

*James McKinnon* (signature)

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of October, 2003:

James McKinnon, Inmate No. 100770
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
Robert F. Vacchelli
Assistant Attorney General

4

United State District Court

District of Connecticut

James McKinnon.  Case. 3:02CV2317(JCH)(HBF)
   100 770
   Plaintiff
                                    October 31, 2003
V.

Thomas Hunt; Etal
John LaHDa

Defendant's' Individual Capacity

Plaintiff's' Opposed To Defendants'
Memorandum Response Dated
October 27, 2003 for Discovery and
Inspection of Documents.

1. Plaintiff James McKinnon pro,se. Respectfully moves the court To information. That pursuant To Rule 37. 2(a). Rule 26(a) also in response To a request for inspection submitted under Rule 34, Defendants fail To respond the inspection Dated August 14-2003 The motion was include with certification That it was in good faith attempted; without court action; befor opplying for an order, By: James Lee McKinnon

James Lee McKinnon
900 Highland Avenue
Cheshire CT 06410

①

The inspection dated August 14, 2003 with a motion including certification that was in good faith, without court action befor opplying for order, also at the time plaintiff was requeting State police statement from 11-4-2002 that's plaintiff outomatically housing in Segregation matter of the alleged Sexual Assault that was investigated and then was provn to be unsobstantiated, then defendant's came with a Sexual misconduct Disciplinary Report that was a Dismissal. Also plaintiff has enough evidence from the department of public Safety that Said plaintiff has to go under the freedom of information Act for the request copy of statement; then it came back Said it cannot be released.

2. plaintiff ask for release of mental Health records and examinations of inmate had given State police Statement, reasonably plaintiff request this because from 10/29/02 to 11/4/02 this inmate was ask day to day by medical and correction Staff was he with plaintiff in cell and he Said no to you also individuals one was the defendants unit C-T-O miss, Rocco, and clearly this officer Said to plaintiff the inmate Said he was not clearly violated by the plaintiff and that he had no contact with me Sexual; then on 11-4-02 plaintiff was in the library and two officer came and plaintiff was move to Segregation; —

By x James Lee McKinnon
James Lee McKinnon
900 Highland Avenun
Cheshire, CT 06410

②

Exhibit ©
*James McKin*
*James McKin*

3. Plaintiff has dismiss release of the mental Health question's that Inmate was subject To; with support of privacy invasion.

4. Defendant's are mental health staff co's Garner Correction has mental Health unit's Foxtrot unit house inmates who are the least functional on medication and they have the least amount of privileges of three, H-unit house the next level of mental health status and it's inmate's have to some extent more privileges and Inmates have to be with a staff escort when they leave the unit, and "G" unit plaintiff was in is a Transitional unit and is one step from general population and it's inmate's do not require staff escorts when they leave the unite.

5. Garner's procedures call for Inmates who are Suicidal To be placed as a level 5# mental Health to go to inpationt ① medical then back to Hotel that's H-unit for 90, day's a evaluation on a scale from (1) to (5) in H-unit.

By× *James Lee McKinnon*
*James Lee McKinnon*
James Lee McKinnon Prose
900 Highland Avenue
Cheshire CT 06410

③

Exhibit ③ James McK___
James McK___

6. Garner's procedures call for segregation mental health inmate's to go in the inpationt segregation name I-p-m (2) plaintiff was housed on 11-4-02 for Sexual Assault the day defendants call the State police on plaintiff, not a charge of Sexual misconduct like defendants has on his memorandum Dated October 27, 2003.

7. Also the failure of to Train correctional Staff to deal with mentally ill prisoners can also constitute deliberate indifference see, Sharpe v. City of Lewisburg, Tenn, 677 F. Supp. 1362, 1367-68 (M.D. Tenn. 1988)(Failure to Train police to deal with mentally disturbed individual supported damage award).

8. Plaintiff under Rule 36(b) Fed.R.Civ.P. Request from defendants' for Admission which to ask defendants' to admit or deny the Truth of particular facts that are among most useful of this discovery.

By: James Lee McKinnon
James Lee McKinnon prose
900 Highland Avenue
Cheshire CT 06410

(4)

Exhibit ③ *James McKinnon*
*James McK—*

9. Plaintiff James McKinnon is a citizen of United States who presently resides at Cheshire Correctional 900, Highland Avenue Cheshire Connecticut 06410

Inmate number 100-770.

10. Defendant Thomas Hunt is a citizen of United States whose address is Garner Correctional Institution 50' Nunnawauk Road Newtown Connecticut, 06470

11. Defendant John Lahda is a citizen of United States whose address is Garner Correctional Institution 50' Nunnawauk Road Newtown Connecticut, 06470

*James Lee McKinnon*
Byx *James Lee McKinnon*
James Lee McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

⑤

Exhibit © James McKi...
James McK...

## Certification

I hereby certify that the foregoing was mailed to the defendands attorney of record this 31 day of October, 2003

"Individual Capacity"

Defendand's:
Thomas Hunt, ETal
John Lahda

Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
Federal Bar no. CT05292
110 Sherman Street
Hartford, CT 06105

Byx James Lee McKinnon
James Lee McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

⑥

Listing of each Item of Discovery Sought Also set Forth the Reason why the Items Should be allowed.

1. The inspection dated august 14, 2003 with a motion including certification that was in good faith without court action befor opplying for order, also at the time plaintiff was requeting state police statement from 11-4-02 that's plaintiff outomatially was house in Segregation for matter of the alleged sexual Assault that was unsubstantiated.

Reason for request plaintiff request statement from 11-4-02 taken by state police in wich he was falsely accused and taken to segregation for sexual assault. Also would like copy of statement because it could show defendats "Badgered Inmate mr Scott Hart for 7 day's in to Fileing a false Police Report.

2. plaintiff ask for a relecse and Examination of mr, Scott Hart mentail Health record to indicat that mr, Hart had in deed been questioned and stated no sexual contact Had taken place, from 10-29-02 to 11/4/02 Inmate mr, Hart was Asked on several ocason C-T-O in the unit miss, Rocco had ask him was he in plaintiff cell and he stated no clearly stating that he had no sexual contact with plaintiff. Inmate mr, Scott Hart All so confided in me Counselr Carigen had also Question him on this matter in wich Time again he ~~set~~ stated he was not in my cell and no sexual contact took place.

Plaintiff with Respect to mr, Scott Hart dismisses his request for a release of Inmate Harts mental Heath inaviry on this matter due to Respect of his privacy Invasion

By James McKinnon

James McKinnon pros
Walker Reception unit
1153-East street south
Suffield ct 06078

## Certification

I hereby certifiy That The foregoing was mailed To The defendants attorney of record This 23 Day of December, 2003

"Individual Capacity"

Defendants

Thomas Hunt; ETaL
John Lahda

---

Attorney
Robert F. Vacchelli
Assistant Attorney General
Office of The Attorney General
Federal Bar no. cT0522
110; Sherman Street
Hartford Connecticut
06105

By: /s/ James Lee McKinnon
James Lee McKinnon pro se
Walker Reception unit
1153 East Street South
Suffield Connecticut
06078