UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JAMES McKINNON | : | PRISONER<br>CIVIL NO. 3:02CV2317 (JCH) |
| v. | : |  |
| THOMAS HUNT, ET AL. | : | FEBRUARY 10, 2004 |

**MEMORANDUM IN RESPONSE
TO PLAINTIFF'S DECLARATION
IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

By pleading dated February 2, 2004 entitled Declaration in Opposition to Defendants' Motion for Summary Judgment plaintiff contends that his lawsuit is not about his housing placements, despite the allegations in his complaint which seem to focus on his cell changes. Rather, plaintiff emphasizes that he was falsely accused and charged with a prison disciplinary report for sexual assault. Declaration, paras. 1, 10. The records in this case show that plaintiff was found not guilty on the charge after notice and hearing. Def. Statement, paras. 8 - 10. If plaintiff's claim is that he was falsely charged under these circumstances, then his complaint fails to state a claim upon which relief can be granted.

The defendants deny that plaintiff was falsely accused by them. He was accused based on the complaint of another inmate. Def. Statement, para. 8. Assuming, arguendo, that he was falsely accused by the defendants, his complaint still does not state a claim. In Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986), cert. denied 485 U.S. 982 (1988), the Second Circuit ruled that "a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongfully accused of conduct which may result in the deprivation of a protected liberty interest." Id. at 951. In contrast, the Constitution merely guarantees that a prison inmate will not

be deprived of a protected liberty interest without due process of law.  Unfounded charges do not give rise to a per se constitutional violation actionable under section 1983.  Franko v. Kelly, 854 F.2d 584, 587 (2nd Cir. 1988).  A prison inmate has "no general constitutional right to be free from being falsely accused in a misbehavior report."  Boddie v. Schnieder, 105 F.3d 857, 862 (2nd Cir. 1997).

Considering the one month stay in restrictive housing experienced by plaintiff (Aff. of Lahda, paras. 6-9), no liberty interests have been proven to be involved in this case under the tests in Sandin v. Conner, 515 U.S. 472 (1995). Assuming, arguendo, that his liberty interests are involved, the records in this case show that plaintiff received a notice of charges, a hearing, and a decision in his favor.  Def. Statement, paras. 8 - 10.  Plaintiff does not appear to contest those facts.  In a case where an inmate was exonerated after a disciplinary hearing, as in this case, a court held "where an inmate has been provided with a disciplinary hearing in accordance with procedures outlined [in Wolf v. McDonald, 418 U.S. 539 (1974)], an allegation that he was falsely charged does not state a claim under § 1983."  Mugmuk v. Beyer, 1988 U.S. Dist. LEXIS 7992 (D.N.J. 1988) citing Vines v. Howard, 658 F.Supp. 34, 37 (E.D. Pa. 1987); Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984).  Prison officials are permitted, under state rules and the due process clause, to place inmates accused of disciplinary infractions in pre-hearing detention pending timely resolution of the charges against them.  Mugmuk v. Beyer, supra.  In the instant case, plaintiff was afforded due process.  He has nothing to complain about.  Accord, Hyman v. Holder, 2001 U.S. Dist. LEXIS 2625 (S.D.N.Y. 2001); Prince v. Edwards, 2000 U.S. Dist. LEXIS 6608 (S.D.N.Y. 2000); Polanco v. Allan, 1996 U.S. Dist. LEXIS 6329 (N.D.N.Y. 1996).  Moreover, since he was not penalized, any defects in due process that might exist are cured and

the plaintiff has no valid claim for relief.  See, Laws v. Cleaver, 140 F. Supp. 2d 145, 152 (D.Conn. 2001).

Finally, plaintiff repeats his contention that he needs to see the statement of his inmate accuser as it "could show the defendants badgered Inmate Scott Hart for 7 days in the same unit with plaintiff into filing a false police report, to keep plaintiff in a segregation unit."  Plaintiff's Declaration, para. 8.  Such speculation and conjecture do not justify discovery.  Higgason v. Hanks, 2002 U.S. App. 26263 (7th Cir. 2002).  This is especially true where sensitive issues of security are at stake, as this case, where the statement of an inmate informant is sought.  And where the plaintiff received due process, the case should be dismissed.  Higgason v. Hanks, supra.

In all other respects, defendants deny all other factual allegations in plaintiff's declaration.  They further deny that any material facts are in dispute, and urge the Court to render summary judgment in their favor.

                                          DEFENDANTS
                                          Thomas Hunt, et al.

                                          RICHARD BLUMENTHAL
                                          ATTORNEY GENERAL

BY: _____
     Robert F. Vacchelli
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT  06105
     Federal Bar #ct05222
     E-Mail:  robert.vacchelli@po.state.ct.us
     Tel.: (860) 808-5450
     Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of February, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____
Robert F. Vacchelli
Assistant Attorney General