UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                        |   | PRISONER                       |
|------------------------|---|--------------------------------|
| JAMES McKINNON         | : | CIVIL NO. 3:02CV2317 (JCH)     |
| v.                     | : |                                |
| THOMAS HUNT, ET AL.    | : | FEBRUARY 26, 2004              |

MEMORANDUM IN RESPONSE
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FED R. CIV. P 56F, WHEN
AFFIDAVITS ARE UNAVAILABLE BY OPPSING PARTY TO DEFENDANTS
MOTION DATED FEBRUARY 19, 2004

By pleading dated February 19, 2004 entitled "Plaintiff Motion for Summary Judgment fed R. Civ. P 56f, when Affidavits are Unavailable by Oppsing party to Defendants Motion Dated January 27, 2004" the plaintiff in the above matter asks the court for permission to conduct depositions and/or obtain a copy of the statement of the inmate who accused him for sexually assaulting him because "…it could show defendants badgered Inmate Scott Hart for 7.day's in the same unit with me into fileing a false Police report." Plaintiff's Motion, para. 5. This is a repeat effort to obtain the statement of an inmate informant. We again urge the Court to deny the Motion.

First, the point is not dispositive of the issues, nor is it designed to lead to the discovery of admissible evidence. The defendants deny that plaintiff was falsely accused by them. He was accused based on the complaint of another inmate. Def. Statement, para. 8. Assuming, arguendo, that he was falsely accused by the defendants, such a complaint does not state a claim. In Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986), cert. denied 485 U.S. 982 (1988), the Second Circuit ruled that "a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongfully accused of conduct which may result in the deprivation of a

protected liberty interest." Id. at 951.  In contrast, the Constitution merely guarantees that a prison inmate will not be deprived of a protected liberty interest without due process of law. Unfounded charges do not give rise to a per se constitutional violation actionable under section 1983.  Franko v. Kelly, 854 F.2d 584, 587 (2nd Cir. 1988).  A prison inmate has "no general constitutional right to be free from being falsely accused in a misbehavior report."  Boddie v. Schnieder, 105 F.3d 857, 862 (2nd Cir. 1997).

Considering the one month stay in restrictive housing experienced by plaintiff (Aff. of Lahda, paras. 6-9), no liberty interests have been proven to be involved in this case under the tests in Sandin v. Conner, 515 U.S. 472 (1995). Assuming, arguendo, that his liberty interests are involved, the records in this case show that plaintiff received a notice of charges, a hearing, and a decision in his favor.  Def. Statement, paras. 8 - 10.  Plaintiff does not appear to contest those facts.  In a case where an inmate was exonerated after a disciplinary hearing, as in this case, a court held "where an inmate has been provided with a disciplinary hearing in accordance with procedures outlined [in Wolf v. McDonald, 418 U.S. 539 (1974)], an allegation that he was falsely charged does not state a claim under § 1983."  Mugmuk v. Beyer, 1988 U.S. Dist. LEXIS 7992 (D.N.J. 1988) citing Vines v. Howard, 658 F.Supp. 34, 37 (E.D. Pa. 1987); Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984).  Prison officials are permitted, under state rules and the due process clause, to place inmates accused of disciplinary infractions in pre-hearing detention pending timely resolution of the charges against them.  Mugmuk v. Beyer, supra.  In the instant case, plaintiff was afforded due process.  He has nothing to complain about.  Accord, Hyman v. Holder, 2001 U.S. Dist. LEXIS 2625 (S.D.N.Y. 2001); Prince v. Edwards, 2000 U.S. Dist. LEXIS 6608 (S.D.N.Y. 2000); Polanco v. Allan, 1996 U.S. Dist. LEXIS 6329 (N.D.N.Y. 1996).

Moreover, since he was not penalized, any defects in due process that might exist are cured and the plaintiff has no valid claim for relief. <u>See</u>, <u>Laws v. Cleaver</u>, 140 F. Supp. 2d 145, 152 (D.Conn. 2001).

Finally, plaintiff's contention that he needs to see the statement of his inmate accuser as it "could show" the defendants badgered Inmate Scott Hart for 7 days in the same unit with plaintiff into filing a false police report, is speculative. Such speculation and conjecture do not justify discovery. <u>Higgason v. Hanks</u>, 2002 U.S. App. 26263 (7th Cir. 2002). This is especially true where sensitive issues of security are at stake, as this case, where the statement of an inmate informant is sought. And where the plaintiff received due process, the case should be dismissed. <u>Higgason v. Hanks</u>, <u>supra</u>.

In all other respects, defendants continue to urge the Court to render summary judgment in their favor.

DEFENDANTS
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day

of February, 2004:

     James McKinnon, Inmate No. 100770
     MacDougall-Walker Correctional Institution
     1153 East Street South
     Suffield, CT  06080

                                   _____
                                   Robert F. Vacchelli
                                   Assistant Attorney General