United States District Court
District of Connecticut

**FILED**
2004 MAR -1 P 5: 12
US DISTRICT COURT
BRIDGEPORT CT

James McKinnon   Case 3:02CV2317(JCH)(HBF)

VS.

Thomas Hunt, ETaL
John LaHDa

February 19, 2004

Plaintiff motion is to indicate reason plaintiff response was not produce on time.

1. Plaintiff James McKinnon prose moves this court to be aware of problem with copies from unit Counselor, Exhibit ① Inmate request form forward.

By: James Lu McKinnon
James Gee McKinnon Prose
Walker Reception Unit
1153 East Street South
Suffield CT 06078

EXHIBIT (1)

James McKinnon  I Thank you Mr. Cordaro



# MacDougall-Walker Correctional Institution
# INMATE REQUEST FORM

HOUSING/UNIT/CELL **B-Unit-43**  
INMATE NAME **James McKinnon**  
DATE **February 24-04**  
NUMBER **100 770**  

REQUEST **Conselor Mr. Cordaro That legal work need's to go out today please, I don't ask miller because of the violation's, The request was sent has not come back from you that was sent 2-23-04, That's how come the night befor the unit officer place it under your office door, and on the envelope surface ask you my request, with much Respect, That's a court Order with my Exhibits and respons for a proceedings in a Summary Judgment case, I must have that affidavit moving to the U.S. Court authorities this mail was late in coming, I have the date February 19, 2004**

(CONTINUE ON BACK PAGE IF NECESSARY)

PREVIOUS ACTIONS TAKEN _____

(CONTINUE ON BACK PAGE IF NECESSARY)

SUBMITTED TO _____  DATE RECEIVED _____  
ACTED ON BY _____  
ACTION TAKEN AND/OR RESPONSE **You'll get it today. Two copiers have broken down, I must find another one to make your copies**

(CONTINUE ON BACK PAGE IF NECESSARY)

DATE OF RESPONSE TO INMATE _____  
SIGNATURE OF STAFF MEMBER **M Cordaro**

(REVISED 6/2001)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 FEB -5 P 4: 36

US DIST...
BRIDG...

James McKinnon

v.

Thomas Hunt, et al

PRISONER
Case No. 3:02CV2317(JCH)(HBF)

### NOTICE TO PRO SE LITIGANT

On 1/27/04, the defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 7(a), D. Conn. L. Civ. R., requires the plaintiff to file a response within twenty-one days of the date the motion was filed.

Pursuant to <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615 (2d Cir. 1999) and <u>McPherson v. Coombe</u>, 174 F.3d 276 (2d Cir. 1999), the court hereby gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence to contradict the defendants' assertions. The plaintiff may not simply rely on his complaint. Also, a memorandum is not sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue

of material fact for trial.[1]

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(a)2. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

---

[1] Rule 56(e), Fed. R. Civ. P., states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

Thus, under the court rules and applicable case law, the plaintiff must file a response to the defendants' motion for summary judgment within twenty-one (21) days of the date the motion was filed. The response should be accompanied by affidavits and/or the other evidence described above. If the plaintiff does not respond within twenty-one days of the date the motion was filed, the court may grant the motion for summary judgment absent objection. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants and the case will be closed.

> BY ORDER OF THE COURT
> KEVIN F. ROWE, CLERK

## Certification

Plaintiff hereby certify throug this Attachment this claim To be True and To my best of my ability. on this 19th Day of, 2004

Defendants Individual Capacity
Thomas Hunt; ETaL
John La HDa

Robert F. Vacchelli;
Assistant Attorney General
Office of the Attorney General
Federal Bar no. CT 05222
110, Sherman Street
Hartford Connecticut
        06105

By x James Lee McKinnon
    James Lee McKinnon
    MacDougall-Walker
    1153-East Street South
    Suffield CT 06078