**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAMES McKINNON | : | PRISONER |
|  | : | NO. 3:02CV2317(JCH) |
| VS. | : | |
|  | : | |
| THOMAS HUNT, ET AL. | : | MARCH 5, 2004 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT ADDING A PARTY PURSUANT TO RULES 15(A) AND 19(A) FED. R. CIV. P. REQUESTS LEAVE TO FILE AN AMENDED COMPLAINT**

By pleading dated February 29, 2004 titled "Plaintiff Motion for Leave to File Amended Complaint Adding a party Pursuant to Rules 15(a) and 19(a) Fed R. Civ. P. Reqeusts Leave to file an Amended Complaint" plaintiff files another effort to amend his complaint in the above case this time to add an alleged Garner Correctional Institution Disciplinary Investigator named Morales . Proposed Amended Complaint, p. 2.  We urge the court to deny the request.

The liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires.  Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178, 182 (1962).  However, the court has discretion in deciding whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.ed 15, 19 (2nd Cir. 1995).  Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated.  Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991). (per curiam).  It need not be granted if it would be futile.  Pargburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991);

Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. v. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).

The defendants do not understand the nature of the complaints against Mr. Morales as currently explained by the plaintiff, other than the fact that he was listed as investigator in a sexual misconduct disciplinary report which was dismissed in this case. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also requires that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under the rules; liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2nd Cir. 1991). "Dismissal…is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, in well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988). This proposed complaint should be denied on these principles.

Moreover, the defendants closed the pleadings and moved for Summary Judgment in this case on January 26, 2004. It would not be just to require the defendants to start over.

Accordingly, the plaintiff's request to amended his Complaint should be denied.

DEFENDANTS,
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 5th day of

March, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080


_____
Robert F. Vacchelli
Assistant Attorney General