**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JAMES McKINNON               :          PRISONER
                             :          NO. 3:02CV2317(JCH)
      VS.                    :
                             :
THOMAS HUNT, ET AL.          :          MARCH 11, 2004

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DATED FEBRUARY 19, 2004

By pleading dated February 19, 2004, plaintiff again asks the court to order defendants to give him a copy of the state police report and statement of an inmate informant who accused plaintiff of sexual assault, and he makes a request for examination of that inmate's mental health file. We again urge the court to deny the request because:

1. The undersigned never received the Motion to Compel from plaintiff. The Motion was electronically posted and observed there this date.

2. To the extent that plaintiff seeks disclosure of a state police report and inmate statement concerning an inmate who complained that plaintiff sexually assaulted him, defendants object to disclosure for the same reasons earlier stated:

With respect to the State Police report and statement, the request is immaterial to the issues in the case. This case concerns plaintiff's cell assignment after he was released from restrictive housing or his complaint that he was accused, and exonerated after hearing. Plaintiff has no right to be free from hearing and no other liberty interests are involved. See Defendants' Motion for Summary Judgment. The police report concerning the complaint which caused him

to receive a disciplinary report and sent to hearing restrictive housing therefore overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), F.R.Civ.P. Moreover, the disclosure of one inmate's statements concerning another inmate, and reports thereon, especially on accusatory topics raises serious concerns which jeopardize security in the prison setting.

It is well settled that security and personal safety is the most central of all correctional goals. See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure. See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal."). To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenz, 789 F.2d 167, 170 (2d Cir. 1986). "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added). Cullen v. Magiotta, supra at 716; United States v. Russotti, 746 F. 2d 945, 949-950 (2d Cir. 1984). Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy. United States v. Lilla, 699 F.2d 99, 105 (2d Cir. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

3.       To the extent that the plaintiff asks to view the alleged informant's mental health file, no such request had been made in any discovery request earlier in this case, to our knowledge, and, therefore, it is not a proper subject for a Motion to Compel.  Rule 37, F.R.Civ.P. Moreover, disclosure would be a clear invasion of privacy and overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence.

Wherefore, we urge the Court to deny the effort to compel disclosure.

DEFENDANTS,
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this        day

of March, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06078

_____
Robert F. Vacchelli
Assistant Attorney General