United States District Court

District of Connecticut

**FILED**
2004 APR 19 P 3:50
U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon  Civil no. 3:02CV2317

vs.                                (JCH)(HBF)

Thomas Hunt ETaL           April 12, 2004
John LaHDa

Defendats         Individual Capacity

Plaintiff Opposed To Defendats Motion Dated April, 6, 2004, a Response To Plaintiff Motion with Support for Summary Judgment Rule 56, E. Plaintiff is entitled To Judgment matter of Due process right To be Heard by State police Also, Memorandum for Support To Motion as (matter of Law.)

1. Plaintiff James McKinnon pro.se moves This Court To not held me in the Same Standards as an attorney, also request consideralon in the above Caption case.

By: James Lee McK___
James Lee McKinnon
MacDougall Correctional
1153- East Street South
Suffield Connecticut
06080

2. PlainTiff have filed This 1983 civil rights Law suit against The defendants To contend That The facts are so over wheming in support of allegations which he forward in The interest of Justice with a apporTuniTy To pursue discovery request; Also PlainTiff request has not been granted in This case.

3. PlainTiff is enTiTled To Judgment as matter of Law; A Due process right is The right To be heard.

4. On 11-4-2002 Defendant's Thomas Hunt and John LaHDa phone The statepolice on plaintiff for Sexual Assault; AT The Time imate ScoTT HarT was question by Two statepolice as his statement chang from Sexual Assault To he said consious.

5. PlainTiff was in Segregation for Sexual Assault; Also without a basic due process right To be heard by The statepolice The defendants are in violation of Due process. Jackson V. Cain 864 F.2d 1235, 1252 (5Th Cir 1989) McCann V. Coughlin 698, F.2d 112, 123 (2d Cir. 1983)

By x *James Lee McKinnon*
James Lee McKinnon, prose
MacDougall - Correctional
1153-East Street South
Suffield Connecticut
06080

6. Plaintiff must be shown the same evidence statement as the finder (state police.) Francis V. Coughlin 891 F.2d 43, 47 (2d Cir 1989) (evidence must be disclosed at the hearing and not after it) Young V. Kann 926 F.2d 1396 1401-03 (3d Cir 1991) Daigle V. Hall, 387 F. Supp. 652 660 (D. Mass. 1975) Rosario V. Selsky, 169 A.D. 2d 955, 564 N.Y.S. 2d 851, 852 N.Y App. Div. 1991) (prisoner should have been informed of photo array from which he was identified. Failure to do so deprived him of the opportunity to defend himself and denied due process).

7. Even then however the State police hearing officer's must attempt to hear the plaintiff inmate version of the facts in some manner. Malik V. Tanner, 697 F.2d at 1302-03.

By x *James Lee McKinnon*
James Lee McKinnon pro se
MacDougall- Correctional
1153-East Street South
Suffield Connecticut
          06080

## Certification

I hereby certify that the foregoing was mailed to the defendants Attorney of record this 12th Day of April 2004.

Defendats Individual Capacity
Thomas Hunt Etal
John LaHDa

Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford Connecticut
    06106

*James Lee McKinnon*

By x _____
James Lee McKinnon Pro se
MacDougall Correctional
1153-East Street South
Suffield Connecticut
    06080