**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  | PRISONER |
|---|---|---|
| JAMES McKINNON | : | CIVIL NO. 3:02CV2317 (JCH) |
| v. | : |  |
| THOMAS HUNT, ET AL. | : | APRIL 19, 2004 |

**MEMORANDUM IN RESPONSE**
**TO PLAINTIFF'S PLEADING DATED APRIL 12, 2004 TITLED "PLAINTIFF**
**OPPOSED TO DEFENDANTS MOTION DATED APRIL 6, 2004 A RESPONSE TO**
**PLAINTIFF MOTION WITH SUPPORT FOR SUMMARY JUDGMENT RULE 56 E.**
**PLAINTIFF IS ENTITLED TO JUDGMENT MATTER OF DUE PRRCESS RIGHT TO**
**BE HEARD BY STATE POLICE ALSO, MEMORANDUM FOR SUPPORT TO**
**MOTION AS (MATTER OF LAW)**

By pleading dated April 12, 2004, plaintiff contends that he is entitled to judgment as a

matter of law because "Plaintiff was in segregation for sexual assault also without a basic due

process of right to be heard by the two state police the defendants are in violation of due

process." Plaintiff's pleading, p.2.

To the extent that this pleading constitutes a Cross-Motion for Summary Judgment, the

defendants oppose the effort. If any material facts are found to be expressed by plaintiff, they

are denied. This topic was not alleged, to any extent identifiable to defendants, in the Complaint.

Nor is it viable. There is no evidence submitted showing that plaintiff requested that two state

policemen be subpoenaed to testify at his disciplinary hearing heard on November 26, 2002.

See, Affidavit of Lahda, para. 8, Exhibit D. There is no evidence that their testimony would be

relevant or free of security invasions. Feliciano v. Selsky, 205 Fl3d 568, 570 (2nd Cir 2000);

Kingsley v. Bureau of Prisons, 937 F.2d 26, 31 (2nd Cir. 1997). There is no evidence the

defendants participated or had responsibility over calling of witnesses.

Even if plaintiff made such a request, and it was denied, considering the one month stay in restrictive housing experienced by plaintiff (Aff. of Lahda, paras. 6-9), no liberty interests have been proven to be involved in this case under the tests in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  <u>See, e.g.</u>, <u>Jenkins v. Haubert</u>, 179 F.3d 19, 29 (2nd Cir 1999).  Assuming, arguendo, that his liberty interests are involved, the records in this case show that plaintiff received a notice of charges, a hearing, and a decision in his favor.  Def. Statement, paras. 8 - 10.  Plaintiff does not appear to contest those facts.  In a case where an inmate was exonerated after a disciplinary hearing, as in this case, a court held "where an inmate has been provided with a disciplinary hearing in accordance with procedures outlined [in <u>Wolf v. McDonald</u>, 418 U.S. 539 (1974)], an allegation that he was falsely charged does not state a claim under § 1983."  <u>Mugmuk v. Beyer</u>, 1988 U.S. Dist. LEXIS 7992 (D.N.J. 1988) <u>citing</u> <u>Vines v. Howard</u>, 658 F.Supp. 34, 37 (E.D. Pa. 1987); <u>Hanrahan v. Lane</u>, 747 F.2d 1137 (7th Cir. 1984).  Prison officials are permitted, under state rules and the due process clause, to place inmates accused of disciplinary infractions in pre-hearing detention pending timely resolution of the charges against them.  <u>Mugmuk v. Beyer</u>, <u>supra.</u>  In the instant case, plaintiff was afforded due process.  He has nothing to complain about.  <u>Accord</u>, <u>Hyman v. Holder</u>, 2001 U.S. Dist. LEXIS 2625 (S.D.N.Y. 2001); <u>Prince v. Edwards</u>, 2000 U.S. Dist. LEXIS 6608 (S.D.N.Y. 2000); <u>Polanco v. Allan</u>, 1996 U.S. Dist. LEXIS 6329 (N.D.N.Y. 1996).  Moreover, since he was not penalized, any  defects in due process that might exist are cured and the plaintiff has no valid claim for relief.  <u>See</u>, <u>Laws v. Cleaver</u>, 140 F. Supp. 2d 145, 152 (D.Conn. 2001).

In all other respects, defendants continue to urge the Court to render summary judgment in their favor.

DEFENDANTS
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:     /s/_____
          Robert F. Vacchelli
          Assistant Attorney General
          110 Sherman Street
          Hartford, CT  06105
          Federal Bar #ct05222
          E-Mail:  robert.vacchelli@po.state.ct.us
          Tel.: (860) 808-5450
          Fax: (860) 808-5591


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 19th day

of April, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080


/s/_____
Robert F. Vacchelli
Assistant Attorney General

3