UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:02-cv-2317 (JCH) |
| | : | |
| THOMAS HUNT and | : | |
| JAMES LAHDA | : | MAY 17, 2004 |

### RULING ON MOTIONS FOR SUMMARY JUDGMENT
### [DKT. NOS. 53, 60]

Plaintiff, James McKinnon ("McKinnon"), currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this civil rights action pursuant to 28 U.S.C. § 1915. He alleges that, while he was confined at the Garner Correctional Institution in Newtown, Connecticut, the defendants falsely accused him of sexually assaulting another inmate and caused him to be confined in segregation for twenty-three days. In addition, he alleges that, upon his release from segregation, he was not returned to his previous housing unit. The parties have filed cross motions for summary judgment. For the reasons that follow, McKinnon's motion is denied and defendants' motion is granted.

**I.   STANDARD OF REVIEW**

"The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d

1219, 1224 (2d Cir. 1994). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56©), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir.2002) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). Not all factual disputes are material. The court considers the substantive law governing the case to identify those facts which are material. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .' " Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). An asserted dispute over a material fact is considered "genuine," so as to defeat the motion for summary judgment, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." McCarthy v. American Int'l Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002). Even though the burden is on the moving party to demonstrate the absence of any genuine factual dispute, the party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation

marks and citations omitted). It " 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2002) (internal quotation marks and citation omitted). Instead, the non-moving party must produce admissible evidence that supports its pleadings. See First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289-90 (1968). A " 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Anderson, 477 U.S. at 252).

In reviewing a motion for summary judgment the court resolves all ambiguities and draws all inferences in favor of the nonmoving party. See Niagara Mohawk, 315 F.3d at 175. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a

properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). A motion for summary judgment cannot be defeated "merely . . . on the basis of conjecture or surmise." Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir.1992) (citation and internal quotation marks omitted).

## II. FACTS[1]

At all times relevant to this action, McKinnon was classified as Mental Health 4 and was confined at Garner Correctional Institution. Inmates with this classification may have mental health problems that require special treatment and medication and, possibly, exhibit behaviors that would put them at risk if they were housed in general population. Thus, these inmates are housed in Unit G or Unit H. Assignment to these housing units is at the discretion of the warden and custodial staff and is based upon assessments and opinions of the mental health staff and the classification committee.[2]

On November 4, 2002, McKinnon was housed in G unit. On that date, he received a disciplinary report for sexually assaulting another inmate in the unit. The disciplinary report was based upon statements the accusing inmate made to the defendants. Upon

---

[1] The facts are taken from defendants' Local Rule 56(a)1 Statement with attached affidavits and exhibits [Dkt. No. 53], McKinnon's declaration in opposition to defendants' motion for summary judgment [Dkt. No. 55] and Local Rule 56(a)2 Statements with attached exhibits [Dkt. Nos. 65, 66].

[2] Connecticut Department of Correction Administrative Directive 8.5, section 8, provides: "Admission to mental health housing shall be subject to the recommendation of the Mental Health Supervisor or designee and in accordance with the facility classification process." See http://www.ct.gov/doc/LIB/doc/PDF/AD/0805.

receiving the disciplinary report, McKinnon was transferred to a restrictive housing unit.

On November 26, 2002, prison officials conducted a disciplinary hearing on the sexual assault charge. McKinnon was found not guilty. On December 4, 2002, McKinnon was removed from restrictive housing and moved to H unit. McKinnon was not returned to G unit because his "profile" screen indicated that he should not be housed in the same unit as the accusing inmate and another inmate, now housed in G unit, with whom McKinnon had fought in the past.

Inmates in G and H units receive the same amount of recreation time and are eligible to participate in the same programs. The only difference between the two units is that inmates in H unit have profiles indicating that they must be kept apart from certain other inmates because of a risk of altercation or assault. To ensure their safety, inmates in H unit are accompanied by a personal escort whenever they leave the housing unit, and many of the programs or work assignments for these inmates are conducted within the housing unit, rather than in other locations within the correctional facility.

## III. DISCUSSION

Defendants Hunt and Lahda have filed a motion for summary judgment. In response, McKinnon filed a motion for summary judgment and several miscellaneous motions. The court considers all motions below.

A.     <u>Miscellaneous Motions</u>

As a preliminary matter, the court considers three related motions filed by McKinnon.  First, McKinnon has filed a motion to compel production of the statement given by the accusing inmate to the Connecticut State Police.  He states that he cannot respond to the motion for summary judgment without this statement.

Summary judgment is appropriate only where adequate time has been afforded to the non-moving party for full discovery.  <u>Celotex</u>, 477 U.S. at 326; <u>see</u> <u>Schering Corp. v. Home Ins. Co.</u>, 712 F.2d 4, 10 (2d Cir. 1983) (summary judgment not appropriate where non-moving party seeks discovery of favorable information).  Rule 56(f), Fed. R. Civ. P., provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Although McKinnon does not reference Rule 56(f), the court liberally construes the motion to compel as an attempt to comply with this rule.  The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing " '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort

affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'"
Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (quoting Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989)); accord, Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985).

Although McKinnon has not included the required affidavit, the court considers whether the information sought would create a genuine issue of material fact to defeat summary judgment. McKinnon seeks a copy of the statement given by the accusing inmate to the Connecticut State Police. He argues that this statement will show that defendants Hunt and Lahda coerced the inmate into accusing him of sexual assault.

McKinnon was found not guilty of the disciplinary charge for sexual assault. Thus, the court has characterized his claim against defendants Hunt and Lahda as falsely accusing him of sexual assault. Because the court assumes for purposes of the defendants' Motion for Summary Judgment that McKinnon was falsely accused, the actual statement given to the Connecticut State Police is not material to McKinnon's claim. Accordingly, McKinnon's motion to compel [Dkt. No. 63] is denied.

McKinnon also has filed a motion entitled "Plaintiff Motion to Relieve Assistant Attorney General Federal Rule 29,a,b, Stipulations Regarding Discovery Procedure." In the body of the motion, he quotes from Federal Rule of Civil Procedure 29. McKinnon

7

does not indicate what action he seeks from the court. To the extent that McKinnon is renewing his motion to preclude the Office of the Attorney General from representing the defendants, the motion is denied for the reasons stated in the rulings denying his previous motions. See Dkt. Nos. 50, 59. Because McKinnon has specified no relief relating to Rule 29, the motion [Dkt. No. 67] is denied in all other respects as well.

McKinnon has filed a motion explaining the reason for his delay in responding to defendants' motion for summary judgment. The motion [Dkt. No. 62] is granted and McKinnon's reasons are noted.

Finally, McKinnon seeks leave to file an amended complaint adding Counselor Morales as a defendant, which the defendants oppose. Federal Rule of Civil Procedure 15(a) provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

McKinnon referenced Counselor Morales in his original complaint but did not include him as a defendant. Although he was aware of Morales' actions throughout the time that this action has been pending, McKinnon waited until after he and defendants filed motions for summary judgment before attempting to add claims against Morales. Further,

he provides no reason for waiting fifteen months to seek leave to amend. If the court were to grant McKinnon's motion, discovery would need to be reopened and resolution of the case necessarily delayed.

Therefore, McKinnon's motion for leave to amend [Dkt. No. 70] is denied. If he chooses, McKinnon may file a new suit asserting his claims against Counselor Morales.

### B. McKinnon's Motion for Summary Judgment

McKinnon seeks summary judgment in his favor because defendants have not provided him a copy of the statement the accusing inmate provided to the Connecticut State Police. In addition, he states that "this complaint is not because of a housing violation from segregation." Pl.'s Mot. For Summ. J. [Dkt. No. 60] at ¶ 7.

Although Fed. R. Civ. P. Rule 56(f) provides that McKinnon may object to defendants' motion for summary judgment on the ground that he cannot respond because necessary discovery has not been provided or cannot be obtained, this Rule does not justify granting summary judgment in his favor. In addition, McKinnon has not filed a Local Rule 56(a)1 Statement, memorandum or documentary evidence in support of his motion as required under the local court rules. See D. Conn. L. Civ. R. 56(a). Thus, McKinnon's motion for summary judgment [Dkt. No. 60] is denied. To the extent that McKinnon's motion may be construed as another attempt to compel production of the statement, the request is denied for the reasons stated above.

C.   **Defendants' Motion for Summary Judgment**

Defendants assert seven arguments in support of their motion for summary judgment: (1) all claims against them in their official capacities are barred by the Eleventh Amendment; (2) the State of Connecticut is not a "person" subject to suit under 42 U.S.C. § 1983, and thus any claims against the defendants in their official capacities are barred for that reason as well; (3) McKinnon's request for injunctive relief is moot; (4) McKinnon did not exhaust his administrative remedies with regard to these claims before commencing this action; (5) McKinnon has not suffered a physical injury as required under the Prison Litigation Reform Act; (6) McKinnon fails to state a claim upon which relief may be granted; and (7) defendants are protected by qualified immunity.

1.   **Eleventh Amendment**

Defendants argue that any claims seeking damages from them in official capacity must be dismissed. Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials in their official capacity when sued for damages. See Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is

ultimately a suit against the state if any recovery would be expended from the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

McKinnon does not specify the capacity in which he has named defendants Lahda and Hunt. He merely states that he seeks damages and injunctive relief. Because an award of damages against defendants in their official capacities is barred by the Eleventh Amendment, the motion for summary judgment is granted to the extent that the complaint may be construed as seeking damages from defendants in their official capacities.

### 2. Injunctive Relief

McKinnon seeks injunctive relief in the form of placement in protective custody to protect him from defendant Lahda. Defendants argue that McKinnon's request for injunctive relief was rendered moot by his transfer to another correctional facility.

The Second Circuit has held that an inmate's request injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement); Martin v. Sargent, 780 F.2d 1334,

1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

McKinnon was transferred to Cheshire Correctional Institution before he filed his amended complaint in March 2003. Thus, his request for injunctive relief, relating to contact with defendant Lahda at Garner Correctional Institution, is moot. Defendants' motion for summary judgment is granted as to the claim for injunctive relief.

### 3.     Exhaustion of Administrative Remedies

Defendants argue that, although McKinnon has filed numerous grievances, he has failed to exhaust his administrative remedies because he has not filed a grievance relating to the incident giving rise to this action.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances. During the relevant time

period, section 6(A) provided that the following matters were grievable:

> 1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
> 2. The existence or substance of policies, rules and procedure of the unit, division and Department . . . .
> 3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
> 4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
> 5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
> 6. Property loss or damage.

The Second Circuit considers the failure to exhaust administrative remedies an affirmative defense. "A defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [that plaintiff first exhaust all administrative remedies]." Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). By characterizing non-exhaustion as an affirmative defense, the Second Circuit requires the defendants to establish non-exhaustion. See also Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002) ("in the Second Circuit, failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense . . . and . . . defendant bears the burden of proving plaintiff's failure to comply with the exhaustion requirement") (citations omitted); Hallett v. New York State Dep't of Corr. Servs., 109 F. Supp. 2d 190, 196-97 (S.D.N.Y. 2000) (same).

McKinnon has attached both a level 1 grievance and a level 2 appeal to his March 3, 2003 amended complaint.  Defendants have provided the Affidavit of Counselor Don Hebert ("Hebert"), the Grievance Coordinator for Garner Correctional Institution, and copies of all grievances McKinnon filed during the relevant time period.  Defendants have attached to the Affidavit only a copy of the level 2 appeal for this grievance.

At level 1, McKinnon described the nature of his grievance as follows:

> 10-29-02 to 11-4-02 7 days Thomas John Hunt Mr. for one week this inmate [accusing inmate] was question by individual's staff.  Miss C.T.O. Rucco for one! and clearly officer said [accusing inmate] said he was not clearly violated and that he had no contact with me sexual.  Then on 11-4-02 you call up the state police on me.

McKinnon described the action requested as: "I'd like to know the reason this employee committed this conduct against me then."  Warden Giovanny Gomez rejected the grievance because the issue related to a disciplinary proceeding and was not grievable.  On appeal, McKinnon stated:  "This was not my question disciplinary procedures!  I directly ask for the reason Mr. Thomas Hunt for one week that [accusing inmate] was question by individual's staff, Miss C.T.O. Rocco for one! and clearly officer said he was not violated and had no sexual contact with me you called the state police on me."  At level 2, the grievance was compromised.  The reviewer noted that this incident was part of an internal investigation that resulted in the issuance of a disciplinary report that later was dismissed.

These grievances show that McKinnon attempted to exhaust his administrative remedies with regard to the false accusation.  Thus, defendants' motion for summary

14

judgment is denied on exhaustion grounds as to the false accusation claim. In addition, even if McKinnon had not fully exhausted his claim, defendants' motion would be denied. Defendants cannot reject an inmate's attempts to exhaust administrative remedies because the issue is not grievable and then seek summary judgment on the ground that he failed to exhaust his administrative remedies by filing a grievance.

Although there is no evidence that McKinnon exhausted his administrative remedies regarding any claims concerning his housing assignment upon his release from segregation, McKinnon stated in his motion for summary judgment that he is not asserting a claim regarding his housing assignment in this case. The court considers any claims regarding McKinnon's assignment to H unit instead of G unit upon his release from segregation withdrawn, and defendants' motion for summary judgment is denied as moot on exhaustion grounds. If the claim were still pending, however, defendants' motion for summary judgment would be granted as to this claim.

Finally, McKinnon alleges that defendants wanted to remove him from G unit because "it's people that helps me with legal work and one Mr. Pickels is a attorney! That was to stop me." Compl. [Dkt. No. 2] at Claim III. To the extent that the complaint may be construed to include a retaliation claim, McKinnon has not exhausted his administrative remedies with regard to this claim. None of the grievances submitted by defendants relate to this issue, and McKinnon has presented no evidence of exhaustion in response to the motion for summary judgment. Accordingly, defendants' motion for summary judgment is

granted as to any possible retaliation claim.

### 4. Failure to State a Claim

Defendants contend that McKinnon fails to state a cognizable claim regarding his confinement in H unit rather than G unit after he release from segregation. As indicated above, McKinnon states in his motion for summary judgment that he is not challenging his housing assignment in this case. Thus, the court need not consider this argument.

In response to McKinnon's declaration in opposition to the motion for summary judgment, defendants argue that McKinnon's allegations regarding false accusation do not state a claim for relief. See Def. Mem. In Resp. To Pl.'s Decl. [Dkt. No. 58]. False accusation, without more, is not cognizable in a § 1983 action. Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Inmates do, however, have a constitutional right "not to be deprived of a protected liberty interest without due process of law." Id. An inmate's protection against false accusations lies in the procedural due process protections required in the hearing process by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). See Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). "[A]s long as the disciplinary hearing that follows a false misbehavior report complied with due process, the 'filing of unfounded charges [does] not give rise to a per se constitutional violation.'" Anderson v. Sullivan, 702 F. Supp. 424, 427 (S.D.N.Y. 1988) (quoting Freeman, 808 F.2d at 953). Thus, a false

16

accusation, without more, does not violate an inmate's constitutional rights as long as the inmate has the opportunity to rebut the charge at a hearing. See Freeman, 808 F.2d at 951. See also Hanrahan, 747 F.2d at 1140-42 (allegation by inmate that he was falsely accused, without more, does not state civil rights claim where procedural protections are provided); Carolina v. Murray, No. 3:96cv1802(AHN), 1997 WL 317319, at *2 (D. Conn. May 23, 1997) (dismissing sua sponte complaint alleging false accusation where plaintiff failed to allege deprivation of procedural due process at associated disciplinary hearing).

Although McKinnon received a disciplinary report as a result of the allegedly false accusation, he was found not guilty at the disciplinary hearing. Thus, his false accusation claim necessarily fails. Defendants' motion for summary judgment is granted as to the this claim.

## IV.    CONCLUSION

Defendants' Motion for Summary Judgment [**Dkt. No. 53**] is **GRANTED**. McKinnon's Motion for Summary Judgment [**Dkt. No. 60**] is **DENIED**. In addition, McKinnon's motion explaining the delay in filing his opposition to defendants' motion [**Dkt. No. 62**] is **GRANTED** and his motions to compel [**Dkt. No. 63**], to relieve Assistant Attorney General [**Dkt. No. 67**] and to amend his complaint to add another defendant [**Dkt. No. 70**] are **DENIED**.

The Clerk is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

    Dated in Bridgeport, Connecticut, this 17th day of May, 2004.


                                         /s/ Janet C. Hall
                                         Janet C. Hall
                                         United States District Judge