UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN -7 P 3:49
U.S. DISTRICT COURT
BRIDGEPORT CT

JAMES McKINNON

CASE NO. 3:02CV2317 (JCH)

V.

May 26, 2004

THOMAS HUNT, et.al.

## PLAINTIFF MOTION TO ALTER OR AMEND THE JUDGMENT

The plaintiff pursuant Rule 59(E), F.R.C.P., hereby moves this Court as appropriate for correcting simple mistakes, omission of issues on which the Court obviously intended to rule, or provision of the Judgment/order that are inconsistant.

## I. HISTORY OF CASE

The plaintiff submitted a Civil Action under § 1983 pursuant to 28 U.S.C. § 1915, were IN FORMA PAUPERIS was granted. The defendants acted under color of state law and the Court has been aware of Plaintiff Mental Health Level 4 status at all times relevant to this action. See [DKT. NOS 53, 60].

1 of 9

## II. SPECIFIC FACTS

1. The Court held the plaintiff to unusually difficult standards in establishing factual disputes where the Court liberally construed the Motion to Compel per Rule 56(f) and denied as not material to plaintiff claim.

2. The Court obviously intended to Rule on required Affidavit(s) whether the information create a genuine issue of material fact to defeat Summary Judgment where the absence of documents for the plaintiff is the very injustice of this case.

3. The Court allowed the office of the Attorney General to represent the defendants providing Conn. Gen. Statutes §§ 3-125 & 5-141(b), were representing Office of the Attorney General' finding "Appropriate to do so", waives its sovereign immunity under the eleventh Amendment which provided Relief Relating to Rule 29.

4. The Court did in fact asserted a new suit against Counselor Morales which assumption that the Amended Complaint will clarify or Amplify the Original Cause of Action.

5. The Courts' order's are inconsistant when in fact the Court asserted Fed. R. Civil. P. Rule 56(f),

2 of 9

providing the plaintiff may object to defendants' Motion for Summary Judgment on the grounds that he cannot respond because necessary discovery has not been provided or cannot be obtained", even when this Rule 56(f) does not justify granting Summary Judgment in his favor.

6) The plaintiff did in fact submitted Motions under local Rule 56(A)1 statement with Exhibits 'A' threw 'G' required under the local Court Rules.

7) The Court inconsistant ordered defendants' Motion for Summary Judgment is granted as to the claim for injunctive relief, when in fact the short-lived legal violations claimed are capable of repetition.

8) The Court in fact denied as moot on exhaustion grounds defendants' Motion for Summary Judgment in this case.

9) The Court obviously intended to rule on Retaliation claim where defendant's Motion for Summary Judgment is granted, when in fact the plaintiff submitted Exhibits 1 threw 8 in support for Summary Judgment under Rule 56, D, F.R.C.P.

10) This Court as appropriate for correcting simple mistakes where the false accusation claim allegedly fails, granted defendants' motion for summary judgment as to this claim when in fact the plaintiff had been kept in segregation even after a None guilty finding and had been denied witnesses. As provided with exhibits 1 threw 8 in support for summary judgment under Rule 56, D. F. R. C. P.

## III. LEGAL GROUNDS

1) The plaintiff Pro se complaints under 42 U.S.C § 1983 are held to less stringent standards than formal pleading drafted by lawyers. Citing Cruz v. Cardwell (1973, CA 8 MO) 486 F.2d 550, where in this case the plaintiff has been held to unusual difficult standards in establishing factual disputes even after the Court liberally and interpreted Motion to Compel per Rule 56(f), Citing; Wilson v. Williams, 997 F.2d 348, 350-51 (7th Cir. 1993); Gawloski v. Dallman, 803 F. Supp. 103, 111 (S.D. Ohio 1992); and Rembert v. Holland, 735. Supp. 733, 737-38 (W.D. Mich. 1990) which the Court had granted the Defendants request 30 day to respond to Extension of time to plaintiff's Motion for Discovery and Inspection when looking closely

enough at the record to see that there were genuine material factual disputes as exhibits, citing <u>Phelps v. Dunn</u>, 965 F.2d 93, 99-100 (6th Cir. 1992); <u>Longmire v. Guste</u>, 921 F.2d 620, 624-25 (5th Cir. 1991) and that while aware of Plaintiff Mental Health condition should have had considered a Continuance.

2) The Court should have done more before granting summary judgment to defendants' as granting a Continuance pursuant to Rule 56(A), pending discovery. or denial of summary judgment and the holding of an evidentiary hearing when the facts are in the possession of the moving party. A Continuance of a motion for summary judgment should be granted as a matter of course. <u>citing Costlow v. United States</u>, id. at 564. <u>See</u> also, <u>National life Insurance Co. v. Solomon</u> 529 F.2d 61 (2d. Cir. 1976)(Per Curiam)(courts are particularly reluctant to grant summary judgment when there has been <u>NO</u> opportunity for pretrial discovery).

3) The state had waived its sovereign immunity under the eleventh Amendment when the state Attorney General found appropriate to represent the defendants <u>citing Florida Dept' of State v. Treasure Salvors</u>, 458 U.S. 670, 684 (1982), Also, the plaintiff

need not comply with state and local "Notice of Claim" rules before bringing a § 1983 suit. <u>Citing</u> <u>Felder v. Casey</u>, 487 U.S. 131, 151-53, 108 S.Ct. 2307 (1988).

4) The Court had errored when it denied the plaintiff opportunity to amend complaint where discovery denial prejudice the plaintiff and interfered in clarifying or amplifying the original cause of action. <u>Citing</u> <u>Klos v. Haskell</u>, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), Aff'd, 48 F.3d 81 (2d Cir. 1995)

5) In this case the district court actions have denied the pro se plaintiff a fair opportunity to be heard. <u>Citing</u>, <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1057-58 (9th Cir. 1992) (case should not have been dismissed against a defendant because the pro se plaintiff misspelled his name).

6) The plaintiff attaches Exhibit 1 in support of Local Rule 56(A) Statement as proof to the submitted statement and Exhibits A thru G attached therein.

7) The plaintiff as an Mental Health Level 4 Inmate could be returned to Garner C.I. were even after a late release from segregation and transfer does not moot case were short-lived

6 f 9

legal violations that are over with before they can be challenged in Court are not considered moot if they are capable of repetition, yet evading [judicial] review. Citing Honig v. Doe, 484 U.S. 305, 318, 108 S.Ct. 592 (1988); Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985); And Conn. Gen. Stat. § 52-471 Granting of injunction, where defendants wilfully and knowingly invades the right of another, an injunction will lie even though it imposes a great loss on the wrongdoer.

8) The plaintiff did pled with sufficient specificity exhaustion on record. Citing Sisney v. Wyandotte County Detention Center, _F.3d_ (unpublished), 1999 WL 34815 at *1 (10th Cir. Jan. 28, 1999); And Evans v. Allen, 981 F. Supp. 1102, 1106 (N.D. Ill. 1997).

9) District Court must be sensitive to problems of pro se plaintiff in civil rights actions and not be too quick to dismiss complaint for failure to state technical cause of action, citing Martin v. Wainright (1976, CA 5 Fla) 526 F.2d 938, where the plaintiff had submitted Exhibits '1' thru '8' attached in support for Summary Judgment under Rule 56, D.F.R.C.P. See attached and marked herein Exhibit 2.

10) The plaintiff had been denied the procedural due process protections required in the Hearing which no witnesses or Advocate was provided, citing <u>Wolf</u> v. <u>McDonnell</u>, 418 U.S. 539, 564-66 (1974), which Fact-Finder is required to "consider in good faith the Substance of the Inmate's defense citing <u>Pino</u> v. <u>Dalsheim</u>, 605 F. Supp. at 1318., Attached As Exhibit 1 thru 8 in support for summary Judgment Under Rule 56, D.F.R.C.P. marked herein Exhibit 2.

## Conclusion

For the foregoing reasons cited and Exhibits herein 1 and 2 the plaintiff moves, citing <u>Murrell</u> v. <u>Bennett</u>, 615 F.2d 306 (5th cir. 1980) (where the Court of Appeals reversed the district Court's grant of summary Judgment to the defendants) <u>Wilson</u> v. <u>Williams</u>, 997 F.2d 348, 350-51 (7th cir. 1993); <u>Phelps</u> v. <u>Dunn</u>, 965 F.2d 93, 99-100 (6th cir. 1992); <u>Costlow</u> v. <u>United States</u>, id. at 564.; <u>Felder</u> v <u>Casey</u>., 487 U.S. 131, 157-53, 108 S.Ct. 2307 (1988); <u>Honig</u> v. <u>Doe</u>, 484 U.S. 305, 318, 108 S.Ct. 592 (1988); And <u>Pino</u> v. <u>Dalsheim</u>, 605 F. Supp At 1318., pursuant Rule 59(E), F.R.C.P. this Court to Alter or Amend the Judgment.

RESPECTFULLY SUBMITTED  
*James McKinnon*  
JAMES MCKINNON  
PRO SE

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day of May, 2004:

Robert F. Vicchelli
Assistant Attorney General
110 Sherman Street,
Hartford, CT 06105

*James McKinnon*

JAMES McKINNON
PRO SE
M.W.C.I.
1153 East Street South
Suffield, CT 06080