UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JAMES McKINNON | : | PRISONER<br>CIVIL NO. 3:02CV2317 (JCH) |
| v. | : |  |
| THOMAS HUNT, ET AL. | : | JUNE 10, 2004 |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND DATED MAY 26, 2004

In this Motion dated May 26, 2004 and received June 7, 2004, plaintiff pro se inmate asks the Court to reverse its decision granting Summary Judgment in favor of the defendants pursuant to Rule 59(e), F.R.Civ.P. For the following reasons, we urge the Court to deny the Motion.

### STANDARDS

A Rule 59(e) Motion to Alter or Amend the Judgment serves the limited function of correcting manifest errors of law or fact. Hairston v. Alert Safety Light Products, 307 F.3d 717, 719 (8th Cir. 2002) citing White v. N.H. Dept. of Employment Sec., 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). It asks the Court to reconsider its judgment and correct errors of law. U.S. Labor Party v. Oremus, 619 F.2d 683, 687 (7th Cir. 1980). A District Court is justified in reconsidering its previous ruling if there is an intervening change in controlling law, if new evidence not previously available comes to light, or if it becomes necessary to remedy clear errors of law, or to prevent an obvious injustice. Larsen v. Ortega, 816 F.Supp. 97, 1114 (D.Conn. 1992). Reconsideration is unwarranted where plaintiff's motion merely restates arguments made earlier, and the court did not overlook supporting arguments or motions. Range Road Music Inc. v. Music Sales Corp., 90 F.Supp. 2d 390, 392 (S.D. N.Y. 2000). Whether to

alter a judgment is a decision entrusted to the sound discretion of the trial court. McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983).

For the following reasons, the Motion at bar presents no justification for altering the judgment rendered in this case.

### ARGUMENT

**1. Discovery**

Plaintiff complains that the Court erroneously held him to a high standard when it denied his effort to compel defendants to produce statements made by the inmate informant who complained that he was sexually assaulted by plaintiff. Plaintiff's Motion, p. 2, points 1 and 2; p. 4-5, points 1 and 2. The court correctly ruled against plaintiff's repetitive Motions to Compel on this topic. In fact, the court assumed, arguendo, that plaintiff's contention (that he was falsely accused) was true on this matter, thus making discovery unnecessary. Ruling, p. 7. It also correctly concluded that plaintiff has no constitutional right to be free from false or wrong accusations. See Ruling on Motions for Summary Judgment, p. 16.

**2. Statement**

Plaintiff also complains that the Court erroneously ruled that he failed to create an issue of fact by filing no affidavit or statement concerning his claims. Plaintiff's Motion, p. 2, point 2; p. 3, points 5 and 6; p. 6 points 5 and 6. Plaintiff mischaracterizes the Court's ruling. The Court ruled, correctly, that plaintiff did not file a sufficient affidavit or statement of material facts not in dispute supporting his Motion to Compel efforts. Ruling, pp. 7, 9. Nevertheless, the Court assumed, arguendo, that plaintiff's contention (that he was falsely accused) was true, thus

making the proof issue moot. Ruling, p. 7. It also correctly found that plaintiff has no constitutional right to be free from false or wrong accusations. Ruling, p. 16.

### 3. Representation

Plaintiff argues that the Court erred in allowing the Office of the Attorney General to represent the defendants as representation waives sovereign immunity. Plaintiff's Motion, p. 2, point 3; p. 5 point 3. The issue was raised below, and the Court correctly ruled, repeatedly, that this is a matter within the jurisdiction of the Office of the attorney General. Ruling, pp. 7 and 8. The Court also correctly ruled, based on long standing precedent, that the Eleventh Amendment bars actions for money damages against state officials sued in their official capacity. Ruling, p.10.

### 4. Motion to Amend

Plaintiff complains that the Court erroneously denied his Motion to Amend to add Counselor Morales as a defendant. Plaintiff's Motion, p. 2, point 4; p. 6, point 4. The Court correctly denied the Motion to Amend on the grounds of undue delay. Ruling, p. 8 citing Forman v. Davis, 371 U.S. 178, 182 (1962).

### 5. Injunction

Here, plaintiff claims that the Court erred in denying injunctive relief, despite the fact that his need for injunctive relief was moot, contending that this case presents an example of facts capable of repetition yet evading review. Plaintiff's Motion, p. 3, point 7; p. 6 point 7. To the contrary, there were no facts indicating that the facts in this case were repeating. The Court correctly denied injunctive relief, particularly in a case like this were it found no wrongdoing. Ruling, p. 11.

**6. Exhaustion**

Plaintiff complains that he sufficiently pled exhaustion. Motion, p. 3, point 8; p. 7, point 8. The Court did not rule against plaintiff because he failed to plead. It correctly denied plaintiff's presumed retaliation claim because he failed to prove that he exhausted his prison administrative remedies on this point, as required by the Prison Litigation Reform Act. Ruling, p. 15.

**7. Other Grounds**

In other arguments, plaintiff complains that the Court was too quick to rule against him, that he was denied due process, and that the court erroneously denied his retaliation claim. Plaintiff's Motion, p. 3, point 9; p. 7 point 9. To the contrary, the Court reviewed plaintiff's evidence, considered all of his arguments, and correctly found that he failed to prove or perfect his claims under well established precedent. Ruling, pp. 16-17.

## CONCLUSION

For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

                                                DEFENDANTS
                                                Thomas Hunt, et al.

                                                RICHARD BLUMENTHAL
                                                ATTORNEY GENERAL

BY:      /s/_____
            Robert F. Vacchelli
            Assistant Attorney General
            110 Sherman Street
            Hartford, CT 06105
            Federal Bar #ct05222
            E-Mail: robert.vacchelli@po.state.ct.us
            Tel.: (860) 808-5450
            Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of June, 2004:

James McKinnon, Inmate No. 100770
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

                                                /s/_____
                                                Robert F. Vacchelli
                                                Assistant Attorney General