UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT   JUN 7 2004

**FILED**

JAMES McKINNON

2004 JUL -1 P 5:30     PRISONER

V.

U.S. DISTRICT COURT
BRIDGEPORT, CONN     CASE NO. 3:02CV2317
(JCH)

THOMAS HUNT, et al.           May 26, 2004

## PLAINTIFF MOVES FOR APPOINTMENT OF COUNSEL MOTION

The plaintiff respectfully seeks the Court to Appointment of Counsel Pro Bono in this Case pursuant 28 U.S.C. § 1915 (d) And 42 of the United States Code § 1988 (1994) And Conn. Gen. Stat. § 52-400c for the following reasons the Court should Consider Appointment of Counsel.

1. The plaintiff JAMES McKINNON who is currently being held At M.C.I, has been granted the request to proceed without prepayment of fees or Costs under 28 U.S.C. § 1915, were this case Civil Complaint clearly established defendants Acted under color of law And deprived the plaintiff of Federal (guarantee) Rights. Citing, BERG V. County of ALLEGHENY, 219 F.3d 261 (3d cir. 2000).

1 of 4

2.  The Court should Consider plaintiff unable to Employee Counsel pursuant 28 U.S.C. § 1915(d) for Requesting Counsel Representation. Citing Bound V. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977); and Land V. Hutto, 467 F.Supp. 562 (E.D. VA. 1979).

3.  The Court should Consider Also Appointment of Counsel where Counsel is Able to Explain the Applicable legal principles to the Complainant and limit litigation to potentially Meritorious issues. In Addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the Representation Equally qualified with the professional Counsel Usually provided by the States for the defendants. Citing Wright V. Dallas County Sheriff's Dept., 660 F.2d (1981), quoting Knighton V. Watkins, 616 F.2d 759 (5th Cir. 1980).

4.  The Court should Consider Appointing Counsel in this Case do to the plaintiff Mental Health Statuts which is relevant At All times to this Action see [DKT.NOS 53, 60] Citing Hamilton V. Leavy, 117 F.3d 742, 749 (1997).

5.  The Court should Consider Appointment of Counsel in this Case were the plaintiff is unable to present the Case do to the lacking of legal materials, And

Jail house lawyer Assistance, the plaintiff has no law school education and legal issues are to complex to litigate himself nor does the Dept. of Corrections provides Adequate law library Containing upto date materials for Shepherdizing this case., Citing YoungER V. Gilmore, 404 U.S. 15 (1971), which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims. Citing Murrell V. Bennett, 615 F.2d 306, 311 (1980).

## LEGAL GROUNDS

This Motion is filed pursuant to Civil Right Acts 42 U.S.C. § 1983, 28 U.S.C § 1915 (d) citing HoDGE V. Police officers, 802 F.2d 58, 61 (2d Cir. 1986) cert. denied, 502 U.S. 996 (1991); Tabrone V. Grace, 6 F.3d 145, 155-58 (1993); 42 U.S.C § 1988 (1994); Bound V. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977); And Conn. Gen. Stat. § 52-400c, where exceptional circumstances for Appointment Pro Bono Counsel reasonably demostrated And Appropriate for the plaintiff justifying merits in this Case Colorable for the Court to Grant this Motion An Appoint Counsel.

By: James McKinnon
James McKinnon

3 of 4

RESPECTFULLY SUBMITTED

JAMES McKINNON PRO SE
M. W. C. I
1153 East st. south,
suffield, CT 06080

## CERTIFICATION

I hereby certify that A copy of the foregoing was
mailed to the following on this 26th day of MAy,
2004:

Robert F. Vacchelli,
Ass. ATT. GEN.
110 sherman street,
Hartford, CT 06105

James McK̄
_____
JAMES McKINNON
PRO SE

James McK̄