UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG -2  P 1:31

JAMES McKINNON

v.

THOMAS HUNT and
JAMES LAHDA

PRISONER
CASE NO.
3:02-cv-2317 (JCH)

JULY 30, 2004

## RULING ON MOTION TO ALTER OR AMEND JUDGMENT
### [DKT. NO. 86]

Plaintiff, James McKinnon ("McKinnon"), currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this civil rights action *in forma pauperis* under 28 U.S.C. § 1915, pursuant to 42 U.S.C. § 1983. He alleged that, while he was confined at the Garner Correctional Institution in Newtown, Connecticut, the defendants falsely accused him of sexually assaulting another inmate and caused him to be confined in segregation for twenty-three days. In addition, he alleges that, upon his release from segregation, he was not returned to his previous housing unit. On May 17, 2004, the court granted defendants' motion for summary judgment. McKinnon has filed a motion to alter or amend judgment in which he seeks reconsideration of that decision on ten grounds. For the reasons that follow, McKinnon's motion is denied.

I.   **Standard of Review**

A motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e), permits a litigant to seek reconsideration of an unfavorable result. To prevail, the movant must show that the court overlooked controlling decisions or factual matters that were presented to the court and, if considered, might reasonably have altered the result.

See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d. Cir. 1995) (holding that Rule 59(e) standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"). A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved or to address facts, issues, or arguments not previously presented to the court. See U.S. ex rel. Drake v. Norden Systems, Inc., No. 3:94cv963(EBB), 2003 WL 23319386, at *1 (D. Conn. Jun. 17, 2003)(citations omitted), aff'd. in part, rev'd. in part on other grounds, No. 03-6152, 2004 WL 1563184 (2d Cir. July 17, 2004). Instead, Rule 59(e) affords the court "an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." Id. (citation omitted).

II. Discussion

In his first ground for relief, McKinnon argues that he has been held to a difficult standard because he was required to establish disputed facts. He contends that his papers should have been construed more liberally. The court did liberally construe McKinnon's motion to compel as a motion filed pursuant to Fed.R.Civ.P. 56(f), even though McKinnon did not reference the rule or provide the required affidavit. The fact that the court determined that the motion to compel did not satisfy the requirements of the rule, does not mean that the motion was not liberally construed. The court issued a notice specifically informing McKinnon of the requirements of a proper response to a motion for summary judgment and considered all of the papers he submitted. See

2

Notice [Dkt. No. 57].

A liberal pleading standard does not relieve a pro se litigant of all pleading requirements. To survive summary judgment, even a pro se litigant must present some evidence from which the court can identify a genuine issue of material fact. See Salahuddin v. Coughlin, 781 F.2d 24, 29 (2d Cir. 1986) ("[At] some point in a lawsuit, even pro se litigants must make clear to the court their claims and facts they believe entitle them to specific relief.").

McKinnon also states that the court failed to grant a continuance in light of his mental health condition. At no time since he commenced this action has McKinnon presented any medical evidence describing his mental health condition or indicating that he could not pursue this action. Thus, he has provided no evidence warranting a continuance on this ground.

McKinnon next argues that the court should have granted a continuance and held an evidentiary hearing before granting defendants' motion for summary judgment. He states that an evidentiary hearing was required because necessary evidence was in the possession of defendants.

As indicated above, the only evidence referenced in McKinnon's motion to compel was the statement of the accusing inmate. When considering defendants' motion for summary judgment, the court assumed that McKinnon's version of the events was true. Thus, he did not need to have a copy of the statement or present evidence showing that the accusation was false. McKinnon identified no other evidence necessary for his response to the motion for summary judgment that was in the

possession of the defendants. Thus, he presented no facts from which the court could have determined that a continuance or an evidentiary hearing was needed.

McKinnon's third ground is that the state waived its Eleventh Amendment immunity when the Office of the Attorney General appeared on behalf of the defendants. The court repeatedly has denied plaintiff's motions to disqualify the Office of the Attorney General from representing the defendants in this case. Further, the court can discern no basis for McKinnon's contention that, by appearing for the defendants, the Office of the Attorney General has waived sovereign immunity on behalf of the state of Connecticut.. Thus, this argument is without merit.

In addition, McKinnon states that he was not required to comply with state "notice of claim" rules. Summary judgment was not granted on the ground that McKinnon failed to comply with a state notice of claim rule.

McKinnon's fourth ground for relief is that the court should have permitted him to amend his complaint because he was prejudiced by the denial of discovery. As part of the May 17, 2004 ruling, the court denied McKinnon leave to amend his complaint to add disciplinary investigator Morales as a defendant. The court noted that McKinnon had referenced Morales in the original complaint, but did not included him as a defendant. Thus, McKinnon's contention now that the motion to amend should have been granted because he was prejudiced by the denial of discovery is without merit. Lack of discovery did not prevent McKinnon from discovering Morales' name or learning about his involvement in the disciplinary hearing process.

4

McKinnon next contends that the court denied him a fair opportunity to be heard. In support, he cites a case in which the court dismissed a complaint because the plaintiff had misspelled the defendant's name. An opportunity to be heard does not require an appearance in court. In addition to considering all of the motions he filed in this action, the court notified McKinnon of the requirements of a proper response to a motion for summary judgment and considered his response to defendants' motion as well as his own motion for summary judgment. The court did not deny McKinnon an opportunity to be heard.

In his sixth ground for relief, McKinnon states that he attached exhibits to his Local Rule 56(a) statement. The court did not ignore McKinnon's exhibits.

McKinnon's seventh ground for relief is that his claims are not moot because he could be returned to Garner Correctional Institution. McKinnon's claim is that he was falsely accused of sexual assault by another inmate. The fact that it is possible that he be returned to Garner Correctional Institution does not imply that he again would be falsely accused of sexual assault. In addition, defendants prevailed in this action. Thus, injunctive relief in McKinnon's favor was not warranted. McKinnon has identified no facts suggesting that his claim for injunctive relief should not have been denied.

McKinnon next argues that he pled exhaustion with sufficient specificity. Summary judgment was not granted on the ground that McKinnon failed to exhaust his administrative remedies. In fact, the court denied defendants' motion for summary judgment on this ground. Thus, there is no basis for this ground for relief.

In his ninth ground for relief, McKinnon contends that the court should be sensitive to the problems inmates encounter when filing civil rights actions and should not "be too quick to dismiss complaint for failure to state technical cause of action." Summary judgment was not granted for technical reasons. Rather, the court granted defendants' motion for summary judgment because McKinnon failed to meet his burden of demonstrating the existence of a genuine issue of material fact.

Finally, McKinnon argues that he was denied procedural due process protections at his disciplinary hearing and refers the court to exhibits attached to his motion for summary judgment. The court denied McKinnon's motion to add the disciplinary investigator as a defendant to this action. McKinnon does not allege that the only defendants, Hunt and Lahda, were involved in the disciplinary hearing or denied him procedural due process. Thus, allegations that McKinnon may have been denied procedural process at the disciplinary hearing is not relevant to the claims against the defendants in this case. McKinnon may file another action against the proper defendants for such a claim.

The court has considered the ten grounds for relief raised in this motion. McKinnon has not identified any controlling decisions or facts that were presented to and overlooked by the court in its decision. Thus, he has identified no manifest errors of law or fact in the May 17, 2004 ruling. McKinnon's motion to alter or amend judgment [**Dkt. No. 86**] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 30th day of ~~June~~ July, 2004.

_____
Janet C. Hall
United States District Judge