UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JAMES McKINNON | : | PRISONER<br>CIVIL NO. 3:02CV2317 (JCH) |
| v. | : |  |
| THOMAS HUNT, ET AL. | : | AUGUST 5, 2004 |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DATED JUNE 24, 2004

By pleading dated June 24, 2004 and received August 4, 2004, plaintiff in the above case filed a pleading entitled, "Plaintiff Motion is To disqualify the Judge under appropriate circumstances, the fact the Judge impartiality might reasonably be Questioned under Canon 3,C,1". Treating this as a Motion for Recusal, we urge the court to deny the motion.

In this motion, plaintiff, pro se inmate, seeks to disqualify Judge Hall from this case based on her voluntary disclosure on May 4, 2004, that her spouse, apparently an attorney in private practice, was hired to represent the then Connecticut Governor, John Rowland, in an unrelated state court lawsuit.

We urge the court to deny plaintiff's motion because:

1.  The court rendered a decision in this case on May 17, 2004. Plaintiff made no objection to the court's retention of this case within a reasonable time after disclosure, nor before judgment, nor in his post-judgment Motion to Alter dated May 26, 2004. Accordingly, his motion to disqualify at this time should be denied as untimely. 28 U.S.C. § 144; <u>Hardy v. U.S.A.</u>, 878 F.2d 94 (2nd Cir 1989); <u>USA v. El-Gabrowny</u>, 844 F.Supp. 955, 959 (S.D.N.Y.

1994); U.S. v. Sarno, 41 Fed.Appx. 603, 609 (4th Cir. 2002).  Moreover, the pleading was not supported by an affidavit, as required by statute.  28 U.S.C. § 144.

    2.    Recusal is required if the judge's spouse had a financial interest in the party to the proceeding or an interest that could be substantially affected by the outcome of the proceeding, 28 U.S.C. § 455(b)(4), or if the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a).  In the instant case, the court's disclosure in no way reveals circumstances justifying recusal.  See, In re Martin-Trigona, 573 F.Supp. 1237 (D. Conn. 1983); Heatley v. USA, 2000 U.S.Dist. LEXIS 18762 (S.D.N.Y. 2001); York v. US, 785 A.2d 651 (D.C. 2001); In re Charge of Judicial Misconduct or Disability, 85 F.3d 701, 704 n.1 (D.C. 1996).  The other case disclosed does not even involve this proceeding.  In re Hatcher, 150 F.3d 631 (7th Cir. 1998).

Accordingly, we urge the court to deny the plaintiff' motion.

DEFENDANTS
Thomas Hunt, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    /s/
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 5th day of August, 2004:

James McKinnon, Inmate No. 100770
Corrigan-Radgowski Correctional Center
986 Norwich-New London Tpke
Uncasville, CT 06382

                                                       /s/
                                            Robert F. Vacchelli
                                            Assistant Attorney General